1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11   PAMELA PFITZER also known as        No. 2:09-cv-02634-MCE-GGH
     PAMELA EBERT,
12
               Plaintiff,
13
          v.                             <u>MEMORANDUM AND ORDER</u>
14
     BENEFICIAL CALIFORNIA, INC.;
15   and Does 1-10 inclusive,

16             Defendants.

17

18                              ----oo0oo----

19

20        Plaintiff Pamela Pfitzer ("Plaintiff") seeks monetary relief

21   from Defendant Beneficial California, Inc. ("Defendant") for

22   violations of the federal Truth in Lending Act, 15 U.S.C. §§ 1601

23   <u>et seq</u>., and the federal Fair Debt Collection Practices Act, 15

24   U.S.C. §§ 1692 <u>et seq</u>.

25   ///

26   ///

27   ///

28   ///

                                    1

1    Presently before the Court is Beneficial's Motion to dismiss
2    Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure
3    12 (b)(6),[1] on grounds that Plaintiff fails to state a claim upon
4    which relief may be granted.[2]  For the reasons set forth below,
5    Defendant's Motion is GRANTED.

6

7                              **BACKGROUND**[3]

8

9    This action is based on Defendant's alleged acts regarding a
10   consumer credit transaction with Plaintiff.  According to
11   Plaintiff's Opposition, on or about August 21, 2006, Defendant
12   Beneficial mailed to Plaintiff a "pre-screened credit line offer
13   of $8,000.00 with an initial check of $7,000.00".  Plaintiff
14   entered into a contract with Defendant and by 2008, the balance
15   due on the credit line including fees and interest was $9,551.53.
16   Plaintiff alleges that Defendant failed to provide required
17   disclosures to Plaintiff prior to the consummation of the
18   transaction, in violation of the Truth in Lending Act ("TILA"),
19   15 U.S.C. § 1638(b) and 12 C.F.R. § 226.17(b).  Plaintiff further
20   alleges that Defendant failed to provide such disclosures in a
21   language and/or verbiage that Plaintiff would in fact understand.
22   ///

23   _____

24       [1] Unless otherwise stated, all further references to a Rule
     are to the Federal Rules of Civil Procedure.
25
26       [2] Because oral argument would not be of material assistance,
     the Court ordered this matter submitted on the briefs.  E.D. Cal.
     Local Rule 230(h).
27
28       [3] The factual assertions in this section are based on the
     allegations in Plaintiffs' Complaint unless otherwise specified.

                                    2

1 Plaintiff claims that Defendant failed to advise Plaintiff that
2 in the event of a default, Defendant would record a judgment on
3 any property owned by Plaintiff, and further alleges that
4 Defendant failed to properly identify the property subject to a
5 security interest as required under TILA, 15 U.S.C. § 1638(a)(9)
6 and 12 C.F.R. § 226.18(m).  Finally, Plaintiff alleges that
7 Defendant violated the Fair Debt Collection Practices Act by
8 attempting to collect the debt by calling Plaintiff on her
9 personal cell phone, as many as 8 to 12 times per day, even
10 though it was known that Plaintiff was represented by counsel.
11      Plaintiff filed the present action on August 7, 2009, in the
12 Superior Court of California for the County of Placer, alleging
13 violations of the Truth in Lending Act and Fair Debt Collection
14 Practices Act.  On September 18, 2009, Defendant Beneficial
15 removed the action to this Court pursuant to 28 U.S.C. § 1441(b)
16 on the basis of federal question jurisdiction under 28 U.S.C.
17 § 1331.  Defendant Beneficial now moves to dismiss all claims
18 pursuant to Rule 12(b)(6) for failure to state a claim.
19
20                            **STANDARD**
21
22      On a motion to dismiss for failure to state a claim under
23 Rule 12(b)(6), all allegations of material fact must be accepted
24 as true and construed in the light most favorable to the
25 nonmoving party.  <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336,
26 337-38 (9th Cir. 1996).
27 ///
28 ///

3

1  Rule 8(a)(2) requires only "a short and plain statement of the

2  claim showing that the pleader is entitled to relief," in order

3  to "give the defendant fair notice of what the...claim is and the

4  grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47,

5  78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).  While a complaint attacked

6  by a Rule 12(b)(6) motion to dismiss does not need detailed

7  factual allegations, a plaintiff's obligation to provide the

8  "grounds" of his "entitlement to relief" requires more than

9  labels and conclusions, and a formulaic recitation of the

10  elements of a cause of action will not do.  Bell Atl. Corp. v.

11  Twombly, 550 U.S. 544, 545, 127 S. Ct. 1955, 167 L. Ed. 2d 929

12  (2007) (internal citations and quotations omitted).  Factual

13  allegations must be enough to raise a right to relief above the

14  speculative level.  Id. at 555 (citing 5 C. Wright & A. Miller,

15  Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)

16  ("The pleading must contain something more...than...a statement

17  of facts that merely creates a suspicion [of] a legally

18  cognizable right of action").

19      If the court grants a motion to dismiss a complaint, it must

20  then decide whether to grant leave to amend.  The court should

21  "freely give[]" leave to amend when there is no "undue delay, bad

22  faith[,] dilatory motive on the part of the movant,...undue

23  prejudice to the opposing party by virtue of...the amendment,

24  [or] futility of the amendment...."  Fed. R. Civ. P. 15(a); Foman

25  v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to amend is

26  only denied when it is clear that the deficiencies of the

27  complaint cannot be cured by amendment.  DeSoto v. Yellow Freight

28  Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

4

1                              **ANALYSIS**

2     **A.     Truth in Lending Act ("TILA")**

3

4          Plaintiff's first claim alleges violations of TILA, 15

5     U.S.C. § 1638.  Section 1638 requires that certain disclosures be

6     made by the creditor to the consumer for each "consumer credit

7     transaction other than under an open end credit plan."  15 U.S.C.

8     § 1638(a).

9          Plaintiff's Complaint merely alleges a contract between

10    Plaintiff and Defendant Beneficial.  Plaintiff does not allege

11    any facts regarding the terms or substance of the contract.

12    Thus, the Court is not in a position to determine whether the

13    contract at issue is even subject to TILA, much less that any

14    violation has occurred.  Plaintiff has not alleged that Plaintiff

15    was a "consumer" under TILA.  Plaintiff has not alleged that

16    Defendant was a "creditor" within the meaning of TILA.  Plaintiff

17    has not alleged that the contract at issue was a transaction

18    within the provisions of the statute.  Plaintiff has not alleged

19    whether such contract was for open-end credit or closed-end

20    credit.  Accordingly, Plaintiff has not alleged enough facts to

21    show that Defendant Beneficial was even required to make such

22    disclosures under TILA.

23          The complaint must contain "more than labels and

24    conclusions" or "a formulaic recitation of the elements of a

25    cause of action...."  <u>Twombly</u>, 550 U.S. at 544.

26          Accordingly, Defendant's Motion to dismiss Plaintiff's TILA

27    claim is granted with leave to amend.

28    ///

                                  5

1   **B.   Fair Debt Collection Practices Act ("FDCPA")**

2

3        Plaintiff's second claim alleges violations of FDCPA.  The

4   FDCPA prohibits "debt collector[s]" from making false or

5   misleading representations and from engaging in various abusive

6   and unfair practices.  15 U.S.C. § 1692.  Thus, to be held liable

7   for violation of the FDCPA, a defendant must, as a threshold

8   requirement, fall within the Act's definition of "debt

9   collector."  <u>See</u> <u>Heintz v. Jenkins</u>, 514 U.S. 291, 294 (1995).

10       As explained above, Plaintiff has failed to allege any facts

11  describing the contract she supposedly entered, the type of

12  credit she acquired, or any information about the Defendant as

13  creditor.  As such, the court cannot determine whether Defendant

14  was a "debt collector" within the meaning of the FDCPA.  Although

15  the court is bound to accept all allegations of material fact as

16  true, here Plaintiff has failed to plead the requisite material

17  facts needed to establish a cognizable legal claim under the

18  FDCPA.

19       Accordingly, Defendant's Motion to dismiss Plaintiff's FDCPA

20  claim is granted with leave to amend.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

6

**CONCLUSION**

Based on the foregoing, Defendant's Motion to Dismiss (Docket No. 8) is GRANTED with leave to amend.

Plaintiffs may file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically.  If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiffs' claims will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: December 23, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE