UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PAMELA PFITZER also known as PAMELA EBERT, | No. 2:09-cv-02634-MCE-GGH |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| BENEFICIAL CALIFORNIA, INC.; and Does 1-10 inclusive, and MANN BRACKEN, LLP, | |
| Defendants. | |

Plaintiff Pamela Pfitzer ("Plaintiff") seeks monetary relief from Defendants for alleged violations of the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., and the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

Presently before the Court is a Motion by Beneficial California, Inc. ("Defendant") to Dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendant's Motion is granted.[1]

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 230(g).

1

**BACKGROUND**[2]

On August 21, 2006, Defendant Beneficial mailed to Plaintiff a pre-screened credit line offer of $8,000.00 with an initial check of $7,000.00. Plaintiff entered into a contract with Defendant and by 2008, the balance due on the credit line including fees and interest was $9,551.53.

On October 8, 2008, Defendant, through its debt collector Mann Bracken, LLP, ("Mann Bracken") began attempting to collect the debt from Plaintiff via mail and phone calls. According to Plaintiff's Opposition to Defendant's Motion to Dismiss, Plaintiff learned from employees of Mann Bracken that in the event of default, it was possible for Defendant to record any judgment obtained against Plaintiff against her property.

Plaintiff now alleges that Defendant failed to provide required disclosures to Plaintiff prior to the consummation of the transaction, in violation of the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1638(b). Specifically, Plaintiff alleges that Defendant failed to provide such disclosures clearly and conspicuously in writing as mandated by 15 U.S.C. § 1632(a), Defendant failed to properly identify property subject to a security interest as mandated by 15 U.S.C. § 1638(a)(9), and Defendant failed to advise Plaintiff that in the event of a default, Defendant would record a judgment against any property owned by Plaintiff.

---

[2] The factual assertions in this section are based on the allegations in Plaintiff's First Amended Complaint unless otherwise specified.

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

///
///
///
///

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

The purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit..." 15 U.S.C. § 1601(a).

Plaintiff alleges that Defendant failed to provide mandatory disclosures as required under TILA. Defendant argues that Plaintiff's claim for TILA violations is time-barred because civil penalties under TILA are subject to a one-year statute of limitations.

Specifically the statute of limitations for damages under TILA, codified at 15 U.S.C. § 1640(e), states that, "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of occurrence of the violation."
///

The "date of occurrence" is the date the transaction is consummated. See Walker v. Washington Mutual Bank FA, 63 F. App'x. 316, 317 (9th Cir. 2003).

Plaintiff has failed to allege the actual date she entered the contract with Defendant, leaving the Court to only speculate as to the applicable period of limitations. Nonetheless, Plaintiff's Opposition to the Motion to Dismiss acknowledges expiration of the statutory period (Pl.'s Opp'n pg. 3) and seeks to save her claim by arguing that equitable tolling should apply to suspend the statute of limitations.

The Ninth Circuit has held that "the doctrine of equitable tolling may, in appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986). In determining justifiable application of the equitable tolling doctrine, a court "focuses on excusable delay by the plaintiff." Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002).

"Excusable delay" is defined as whether a reasonable plaintiff would not have known of the existence for a possible claim within the limitations period. Lukovsky v. City & County of San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008).

///
///
///
///
///

To establish excusable delay, the plaintiff must show "fraudulent conduct by the defendant resulting in concealment of the operative facts, failure of the plaintiff to discover the operative facts that are the basis of its cause of action within the limitations period, and due diligence by the plaintiff until discovery of those facts." <u>Federal Election Com'n v. Williams</u>, 104 F.3d 237, 240-41 (9th Cir. 1996).

Here, the only explanation that Plaintiff provides to invoke this equitable protection is that "critical terms were not disclosed" to her, and "therefore she could not have reasonably discovered these provisions [regarding her debt]." However Plaintiff has not plead any level of due diligence on her own part to seek out the necessary disclosures within the prescribed statutory period. The touchstone of the "excusable delay" inquiry is that the plaintiff sought to discover operative facts but was actively prevented from doing so by Defendant. If Plaintiff is going to seek equitable treatment from this Court, she must invest the requisite effort necessary to justify suspending the statute of limitations.

Equitable tolling will not be applied, and thus the statute of limitations period has expired. Defendant's Motion to Dismiss Plaintiff's TILA claim is granted.

///
///
///
///
///
///

**CONCLUSION**

Based on the foregoing, Defendant's Motion to Dismiss (Docket No. 20) is GRANTED with leave to amend.

Plaintiff may file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically. If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiff's claims will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: March 18, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE