UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PAMELA PFITZER also known as            No. 2:09-cv-02634-MCE-GGH
PAMELA EBERT,

      Plaintiff,

    v.                                      MEMORANDUM AND ORDER

BENEFICIAL CALIFORNIA, INC.;
and Does 1-10 inclusive, and
MANN BRACKEN, LLP,

      Defendants.

----oo0oo----

    Plaintiff Pamela Pfitzer ("Plaintiff") seeks monetary relief from Defendants for alleged violations of the federal Truth in Lending Act, 15 U.S.C. § 1601 <u>et seq.</u>, and the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 <u>et seq.</u>

///
///
///
///
///

1

1    Presently before the Court is a Motion by Beneficial
2  California, Inc. ("Defendant") to Dismiss Plaintiff's Second
3  Amended Complaint for failure to state a claim upon which relief
4  may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).
5  For the reasons set forth below, Defendant's Motion is granted.[1]

6

7                              **BACKGROUND**[2]

8

9    On August 21, 2006, Defendant mailed to Plaintiff a pre-
10 screened credit line offer of $8,000.00 with an initial check of
11 $7,000.00.  Plaintiff entered into contract with Defendant, and
12 by 2008 the balance due on the credit line, including fees and
13 interest, was $9,551.53.

14   Plaintiff alleges that Defendant failed to provide required
15 disclosures prior to the consummation of the transaction, in
16 violation of the federal Truth in Lending Act ("TILA"), 15 U.S.C.
17 § 1638(b).  Specifically, Plaintiff alleges that Defendant failed
18 to provide such disclosures clearly and conspicuously in writing
19 as mandated by 15 U.S.C. § 1632(a), Defendant failed to properly
20 identify property subject to a security interest as mandated by
21 15 U.S.C. § 1638(a)(9), and Defendant failed to advise Plaintiff
22 that in the event of a default, Defendant would record a judgment
23 against any property owned by Plaintiff.

24

25   [1] Because oral argument will not be of material assistance,
26 the Court ordered this matter submitted on the briefing.  E.D.
   Cal. Local Rule 230(g).

27   [2] The factual assertions in this section are based on the
28 allegations in Plaintiff's First Amended Complaint unless
   otherwise specified.

                                2

1

**STANDARD**

2

3       On a motion to dismiss for failure to state a claim under

4   Rule 12(b)(6), all allegations of material fact must be accepted

5   as true and construed in the light most favorable to the

6   nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,

7   337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and

8   plain statement of the claim showing that the pleader is entitled

9   to relief," in order to "give the defendant fair notice of what

10  the...claim is and the grounds upon which it rests." Conley v.

11  Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

12  While a complaint attacked by a Rule 12(b)(6) motion to dismiss

13  does not need detailed factual allegations, a plaintiff's

14  obligation to provide the "grounds" of his "entitlement to

15  relief" requires more than labels and conclusions, and a

16  formulaic recitation of the elements of a cause of action will

17  not do. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545, 127 S.

18  Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations and

19  quotations omitted). Factual allegations must be enough to raise

20  a right to relief above the speculative level. Id. at 555

21  (citing 5 C. Wright & A. Miller, Federal Practice and Procedure

22  § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain

23  something more...than...a statement of facts that merely creates

24  a suspicion [of] a legally cognizable right of action"). A court

25  is not required to accept as true a legal conclusion couched as a

26  factual allegation. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949

27  (2009).

28  ///

1    If the court grants a motion to dismiss a complaint, it must

2    then decide whether to grant leave to amend.  The court should

3    "freely give[]" leave to amend when there is no "undue delay, bad

4    faith[,] dilatory motive on the part of the movant,...undue

5    prejudice to the opposing party by virtue of...the amendment,

6    [or] futility of the amendment...."  Fed. R. Civ. P. 15(a); Foman

7    v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to amend is

8    only denied when it is clear that the deficiencies of the

9    complaint cannot be cured by amendment.  DeSoto v. Yellow Freight

10   Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

11

12                           **ANALYSIS**

13

14   The only cause of action specifically alleged against

15   Defendant is Plaintiff's claim for violation of TILA.  On

16   March 19, 2010 this Court granted Defendant's Motion to Dismiss

17   to Plaintiff's First Amended Complaint (Docket No. 25) on the

18   grounds that the TILA claim was time-barred and Plaintiff failed

19   to demonstrate the due diligence necessary to warrant an

20   application of equitable tolling.

21   Plaintiff's Second Amended Complaint, as well her Opposition

22   to Defendant's Motion to Dismiss, again fails to demonstrate

23   sufficient due diligence.

24   ///

25   ///

26   ///

27   ///

28   ///

                                4

1    Equitable tolling may only serve to suspend the statute of
2  limitations in circumstances where a plaintiff has established
3  "excusable delay" through a showing of "fraudulent conduct by the
4  defendant resulting in concealment of the operative facts,
5  failure of the plaintiff to discover the operative facts that are
6  the basis of its cause of action within the limitations period,
7  and due diligence by the plaintiff until discovery of those
8  facts."  <u>Federal Election Com'n v. Williams</u>, 104 F.3d 237, 240-41
9  (9th Cir. 1996).

10    Here Plaintiff argues, as she did previously, that
11  Defendant's failure to disclose critical terms prevented her from
12  discovering various provisions regarding her debt.  However this
13  explanation is insufficient to belie an application of equitable
14  tolling.  Plaintiff must not only show "concealment of operative
15  facts," but also "due diligence by the plaintiff until discovery
16  of those facts."  The doctrine of equitable tolling does not
17  require that Plaintiff be "psychic," as Plaintiff's Opposition
18  suggests, but rather it requires some level of inquiry or modicum
19  of effort to unearth the operative facts that now serve as the
20  basis of Plaintiff's suit.  Plaintiff has failed to show active
21  concealment of facts by the Defendant or even a scintilla of due
22  diligence on her own part.

23    The excuses provided are not grounds upon which the Court
24  can equitably rescue Plaintiff's claim from late filing.
25  Equitable tolling will not be applied, and thus the statute of
26  limitations period has expired.  Defendant's Motion to Dismiss
27  Plaintiff's TILA claim is granted.
28  ///

1    Furthermore, the Court rejects Plaintiff's attempt in her

2    Opposition to allege a claim for violation of the Federal Debt

3    Collection Practices Act ("FDCPA") against Defendant on the

4    theory of agency.  Plaintiff's Complaint specifically names Mann

5    Bracken as the alleged defendant for the FDCPA claim and names

6    Beneficial California, Inc. as the named defendant on the TILA

7    claim.  Plaintiff may not subsequently seek to alter her

8    Complaint through theories argued in opposition to a Motion to

9    Dismiss.

10    Finally, Plaintiff has filed a surreply (Docket No. 32)

11    without leave of Court.  Plaintiff does not have a right to file

12    a surreply under the Local Rules or Federal Rules of Civil

13    Procedure and Plaintiff did not obtain leave of Court to do so.

14    See Thompson v. Reynoso, No. 1:04-cv-06755, 2009 WL 1924754, at

15    *1 (E.D. Cal. July 2, 2009); Adams v. Kernan, No. 2:07-cv-00707,

16    2009 WL688639, at *3 (E.D. Cal. Apr. 13, 2007).  Because

17    Plaintiff is not authorized to file a surreply, Defendant's

18    Motion to Strike is granted.  Accordingly, Plaintiff's surreply

19    is not considered herein.

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

**CONCLUSION**

    As this is Plaintiff's third unsuccessful attempt to state a claim against Defendant, Defendant's Motion to Dismiss (Docket No. 20) is GRANTED without leave to amend.  Defendant's Motion to Strike (Docket No. 33) is GRANTED.

    The Clerk is directed to terminate Defendant Beneficial California, Inc.

    IT IS SO ORDERED.

Dated: June 10, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

7