UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PAMELA PFITZER also known as         No. 2:09-cv-02634-MCE-GGH
PAMELA EBERT,

          Plaintiff,

     v.                              <u>MEMORANDUM AND ORDER</u>

BENEFICIAL CALIFORNIA, INC.,
MANN BRACKEN, LLP; and Does 1-
10 inclusive

          Defendants.

----oo0oo----

     Through this action Plaintiff Pamela Pfitzer ("Plaintiff")
sought monetary relief from Defendant Beneficial California, Inc.
("Defendant") for alleged violations of the federal Truth in
Lending Act, 15 U.S.C. § 1601 et seq.  On June 10, 2010, this
Court issued an Order (Docket No. 36) granting Defendant's Motion
to Dismiss Plaintiff's Second Amended Complaint without leave to
amend.  Defendant was thereby terminated from the case.

     Presently before the Court is Plaintiff's Motion for
Reconsideration of the Court's June 10, 2010 Order.  For the
reasons set forth below, Plaintiff's Motion is denied.

1

# BACKGROUND[1]

On August 21, 2006, Defendant mailed to Plaintiff a pre-screened credit line offer of $8,000.00 with an initial check of $7,000.00.  Plaintiff entered into contract with Defendant, and by 2008 the balance due on the credit line, including fees and interest, was $9,551.53.

Plaintiff alleges that Defendant failed to provide required disclosures prior to the consummation of the transaction in violation of the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1638(b).  Specifically, Plaintiff alleges that Defendant failed to provide such disclosures clearly and conspicuously in writing as mandated by 15 U.S.C. § 1632(a), Defendant failed to properly identify property subject to a security interest as mandated by 15 U.S.C. § 1638(a)(9), and that Defendant failed to advise Plaintiff that in the event of a default, Defendant would record a judgment against any property owned by Plaintiff.

On March 19, 2010 this Court granted Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Docket No. 25) on the grounds that Plaintiff's TILA claim was time-barred and Plaintiff had failed to demonstrate the due diligence necessary to warrant an application of the equitable tolling doctrine.  On June 10, 2010, the Court granted Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Docket No. 36) on the grounds that Plaintiff had again failed to exhibit due diligence.

---

[1] The factual assertions in this section are based on the allegations in Plaintiff's First Amended Complaint unless otherwise specified.

As it was Plaintiff's third unsuccessful attempt to state a claim against Defendant, the Court did not permit leave to amend and directed the Clerk to terminate Defendant.

**STANDARD**

Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court. <u>Casey v. Albertson's Inc.</u>, 362 F.3d 1254, 1257 (9th Cir. 2004).  A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous. <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 816, 108 S. Ct. 2166 (1988).  This principle is generally embodied in the law of the case doctrine.  That doctrine counsels against reopening questions once resolved in ongoing litigation. <u>Pyramid Lake Paiute Tribe of Indians v. Hodel</u>, 882 F.2d 364, 369 (9th Cir. 1989).  Nonetheless, under certain limited circumstances, the court has discretion to reconsider its prior decisions.

Pursuant to Local Rules, a motion for reconsideration must set forth the material facts and circumstances surrounding the motion, including: (1) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion and (2) why the facts or circumstances were not shown at the time of the prior motion.  E.D. Cal. L.R. 230(j).

///

///

1    A motion for reconsideration is treated as a Rule 59(e)

2 motion if filed within ten days of entry of judgment, but as a

3 Rule 60(b) motion if filed more than ten days after judgment.

4 See <u>Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.</u>,

5 248 F.3d 892, 898-99 (9th Cir. 2001).  Since this motion is

6 seeking reconsideration of a final disposition of claims against

7 Defendant and was filed more than ten days after final

8 disposition, the Court will treat it as a Rule 60(b) motion.

9    Rule 60(b) enumerates the grounds upon which a motion for

10 relief from an order or judgment may be made. It specifies that:

11       On motion and upon such terms as are just, the
         court may relieve a party or a party's legal
12       representative from a final judgment, order, or
         proceeding for the following reasons: (1) mistake,
13       inadvertence, surprise or excusable neglect; (2) newly
         discovered evidence which by due diligence could not
14       have been discovered before the court's decision; (3)
         fraud by the adverse party; (4) the judgment is void;
15       (5) the judgment has been satisfied; or (6) any other
         reason justifying relief.
16

17 Fed. R. Civ. Proc. 60(b).  Mere dissatisfaction with the court's

18 order, or belief that the court is wrong in its decision, are not

19 grounds for relief under Rule 60(b).

20

21                           **ANALYSIS**

22

23    Plaintiff's Motion for Reconsideration fails to identify any

24 newly discovered evidence or intervening case law to warrant

25 reconsideration by the Court.

26 ///

27 ///

28 ///

4

1   Rather, Plaintiff stands on the same failed grounds as her

2   oppositions to the prior two motions to dismiss, arguing that the

3   Court's holding would require her to be "psychic" in order to

4   discover Defendant's non-disclosures within the statute of

5   limitations and without the application of equitable tolling.

6   Plaintiff complains that "[u]sing the Court's logic, [Plaintiff]

7   would have needed to file her lawsuit at a relatively short

8   period of time in which the contract took place even though there

9   had been no breach, therefore no damages in the case, and prior

10  to the discovery of any wrongfulness by [Defendant]."

11      If Plaintiff takes issue with time allotted to bring a claim

12  for damages under TILA, then her redress is not with the courts

13  but with the Congress.  Pursuant to TILA, 15 U.S.C. § 1640(e), a

14  plaintiff may only file suit for damages under TILA "within one

15  year from the date of the occurrence of the violation."  The

16  "date of occurrence" is the date the transaction is consummated.

17  See Walker v. Washington Mutual Bank FA, 63 F. App'x. 316, 317

18  (9th Cir. 2003).  Here, Plaintiff entered into contract with

19  Defendant on about August 21, 2006, but did not file suit until

20  August 7, 2009, almost three years later.  By definition,

21  Plaintiff's claim falls outside of time constraints set forth by

22  Congress.

23      As a limited and extraordinary exception to this statutory

24  mandate, the Ninth Circuit has held that the doctrine of

25  equitable tolling may, in appropriate situations, be applied to

26  suspend the limitations period in a TILA action if doing so would

27  effectuate the congressional purpose of the Truth-in-Lending Act.

28  King v. State of California, 784 F.2d 910, 915 (1986).

In determining justifiable application of the equitable tolling doctrine, a court "focuses on excusable delay by the plaintiff," Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002), which is limited to circumstances in which a Plaintiff has shown "fraudulent conduct by the defendant resulting in concealment of the operative facts, failure of the plaintiff to discover the operative facts that are the basis of its cause of action within the limitations period, and due diligence by the plaintiff until discovery of those facts." Federal Election Com'n v. Williams, 104 F.3d 237, 240-41 (9th Cir. 1996).

The Court has now twice indicated to Plaintiff that the facts, as alleged, have failed to meet this specified standard. The Ninth Circuit has denied application of the equitable tolling doctrine where "nothing prevented [the plaintiff] from comparing the loan contract, [the lender's] initial disclosure, and TILA's statutory and regulatory requirements." Hubbard v. Fidelity Federal Bank, 91 F.3d 75, 79 (1996). As in Hubbard, Plaintiff could have readily compared her loan contract with TILA requirements within the applicable statute of limitations. The fact that Plaintiff may not have been aware of the relevant TILA provisions is non-dispositive; rather, the touchstone is whether Plaintiff made some cognizable attempt to inquire into the details of her loan and whether Defendant actively rebuffed her efforts through fraudulent concealment of facts. Here, Plaintiff has repeatedly failed to indicate what circumstances, if any, prevented her from discovering the nondisclosures within the one-year statute of limitations period granted by Congress.

///

1    Nothing in Plaintiff's Motion presents new facts as to
2    warrant the rarely granted relief requested.  Nor has Plaintiff
3    presented any new case law which would suggest that the burden
4    Plaintiff was required to meet is any less stringent than as
5    applied here.

6    Plaintiff's Motion also challenges the Court striking her
7    Surreply which she filed without leave of Court in response to
8    Defendant's Motion to Dismiss Plaintiff's Second Amended
9    Complaint.  She states, "[i]f the only issue is seeking
10   permission, Plaintiff now seeks permission."  Plaintiff
11   additionally argues that any claims against Defendant should have
12   been stayed until the case was resolved as to co-defendant Mann
13   Bracken.  As the debt collector in this case, Plaintiff argues
14   that Mann Bracken served as Defendant's agent and therefore
15   parties might share in certain liabilities.

16   However, if Plaintiff wished to file a surreply or stay the
17   case, it was incumbent upon her to do so in compliance with Local
18   Rules and the Federal Rules of Civil Procedure.  Both of these
19   actions required proper procedure to be initiated by Plaintiff,
20   not by the Court.

21   Finally, Plaintiff's Motion concludes by blaming the
22   shortcomings of Plaintiff's pleadings on the "young and new
23   attorney supervised by a senior paralegal" who apparently drafted
24   the original documents.  According to Plaintiff the "young man
25   who made the error no longer is employed with the firm."
26   ///
27   ///
28   ///

7

1    While Plaintiff's Counsel does acknowledge that "the buck stops
2    with the person signing the complaint," Counsel still asks that
3    the Court reconsider its refusal to grant leave to amend in light
4    of the mistakes previously made.

5        The Court does not lokk favorably upon Counsel's use of his
6    staff as a scapegoat for the pitfalls of Plaintiff's Complaint.
7    Regardless of who may pen a document, the signing attorney is the
8    one responsible for the work product submitted to the Court and
9    no allowances will be made for drafting decisions made
10   internally.  Plaintiff's excuses not only fail to warrant
11   equitable tolling, and fail to warrant reconsideration, but also
12   fail to exhibit the requisite professionalism expected by this
13   Court.

14       Plaintiff's Motion for Reconsideration (Docket No. 37) is
15   hereby DENIED.

16       IT IS SO ORDERED.

17   Dated: August 12, 2010

18

19                                    _____

20                                    MORRISON C. ENGLAND, JR.
                                      UNITED STATES DISTRICT JUDGE
21

22

23

24

25

26

27

28

8